

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00163-CR

_____

GARY MATTHEW CLEVELAND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31297

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

On March 29, 2017, Gary Matthew Cleveland pled guilty to family violence assault, with one prior conviction of family-violence assault.[1]  In accordance with a plea agreement, the trial court deferred adjudication of his guilt and placed Cleveland on community supervision for ten years.  On July 11, 2019, the trial court adjudicated Cleveland's guilt and sentenced him to life in prison.

Cleveland's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal.  Counsel has filed a brief pursuant to *Anders v. California* and has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Cleveland, provided him with a copy of the record, and advised Cleveland of his right to review the record and to file a pro se response.  On December 19, 2019, this Court notified Cleveland that his pro se brief was due on January 21, 2020.  On

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.).  Because the State gave notice that it was seeking to enhance the punishment of this offense as a result of Cleveland's two prior felony convictions, the punishment for this third-degree felony was enhanced to the punishment range for an habitual felony offender.  *See* TEX. PENAL CODE ANN. § 12.42(d).

January 29, 2020, this Court further notified Cleveland that this case would be submitted on briefs on February 19, 2020. Cleveland filed neither a pro se response nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[2]

Josh R. Morriss III
Chief Justice

Date Submitted:     February 19, 2020
Date Decided:       February 20, 2020

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.